THE PEOPLE ex rel. JOHN R. FELLOWS, District Attorney, etc., Appellant, v. EDWARD HOGAN, one of the Police Justices in the City of New York, Respondent.

The act " to protect the owners of bottles, boxes, syphons and kegs used in in the sale of soda-waters * * * or other beverages," (Chap. 377, Laws of 1887, as amended by chap. 181, Laws of 1888), gives two separate remedies; one by the provision (§ 2) declaring an offense against the act to be a misdemeanor, the other by the provision (§ 4) making it the duty of the magistrate before whom oath is made that in the belief of the affiant some person is unlawfully using or has in his possession property of the affiant of the kind specified in the act, to issue a search warrant to discover the same, and authorizing said magistrate to cause to be brought before him the person in whose possession such property may be found, and to punish him as prescribed, in case he is found guilty of a violation of the act.

The mandatory requirements of the latter provision apply only where the magistrate takes jurisdiction under it, and do not prevent him from sending the case to the Sessions for trial as a misdemeanor, as authorized by the Code of Criminal Procedure (§ 64).

Where an affidavit presented to a magistrate showed that certain marked syphons, belonging to the affiant, had been stolen and were in defendant's possession, upon which affidavit a search warrant was issued, and upon recovery of the property the possessor was arrested and brought before the magistrate, who denied a motion on behalf of the People that the charge be tried by him, and, the defendant having elected to be tried by the Court of Special Sessions, sent the case to that court for trial, *held*, that the affidavit presented a case which authorized the issuing of a search warrant without the aid of the statute; that the

facts showed that the magistrate acted under the provision of the act declaring the offense to be a misdemeanor; and that, conceding where the magistrate takes jurisdiction under the provision giving the sum-- mary remedy, he is bound to proceed therewith, the rule was not appli- cable in this case.

Reported below, 55 Hun, 391.

(Argued June 23, 1890; decided October 7, 1890.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made January 28, 1890, which affirmed an order of the Special Term denying an application for a mandamus to compel the respondent to inquire and proceed in accordance with section 4 of the act " to protect the owners of bottles, boxes, syphons and kegs used in the sale of soda-waters \* \* \* and other beverages." (Chap. 377, Laws of 1887, as amended by chap. 181, Laws of 1888.)

An agent of Bolen & Byrne, soda-water manufacturers, duly made oath before the respondent that said firm were the owners of certain syphons having their names and other marks and devices upon the bottles, and that he had reason to believe, and did believe, that said property was being unlaw- fully used by one Adler, who was manufacturing and selling soda, mineral and aerated waters, and that he had been unlaw- fully using, buying, selling and trafficking in said syphons so marked upon certain premises occupied by him without having obtained the written consent of said Bolen & Byrne. The affiant prayed the magistrate to issue a search warrant for said property, and that he cause to be brought before him the said Adler, in whose possession the said bottles might be found, and to inquire into the circumstances of such posses- sion as to whether Adler had been guilty of a violation of the act aforesaid. The respondent thereupon issued his search warrant, and also directed that if any part of said property was found that the officer should bring the same, together with said Adler, or the person in whose custody the same should be so found, forthwith before him. The officer executed the warrant and brought certain property and said Adler before

the magistrate.    The district attorney appeared for the people, and moved that the charge be tried by the magistrate, and if the prisoner be convicted that the punishment prescribed be imposed by the magistrate.    The respondent denied the motion on the ground that said act declared the offense to be a misdemeanor, and that the defendant could not be deprived of his constitutional right to a trial by jury.    The magistrate examined the charge and found that the crime as charged had been committed, and that there was reasonable ground to believe defendant guilty, and thereupon ordered the defendant to find security in the sum of $300.    The defendant waived his right to a trial by jury, and elected to be tried by the Court of Special Sessions, giving a bond for his appearance at said court.    The respondent thereupon sent the case to the Court of Special Sessions for trial.

By section 1 of said act (Chap. 181, Laws of 1888, amending chap. 377, Laws of 1887) any persons engaged in manufacturing, bottling or selling soda-water, etc., in bottles with his name or other marks or devices branded or stamped upon such bottles, may file in the office of the clerk of the county in which their principal place of business is situated, and of the secretary of state a description of the name or names so used by him and may make certain publication provided for by the act.    By section 2 of said act it is declared to be unlawful for any person to fill with soda-water, etc., any bottle with any name, mark or device thereon of which a description shall have been filed or published as provided by section 1, and that any person offending against the provisions of the section shall be deemed guilty of a misdemeanor and punished as prescribed therein.    By section 4 it is provided : " Whenever any person    *    *    *    has reason to believe, and does believe, that any of his   *   *   *   bottles, boxes, syphons, etc., a description of the names, marks or devices whereof has been so filed or published, as aforesaid, are being unlawfully used or filled, or had by any person   *   *   *   or that any junk dealer or dealer in second-hand articles, vendor of bottles   *   *   *   has any such bottles in his, her or its

possession, or secreted in any place, the said magistrate must thereupon issue a search warrant to discover and obtain the same, and may also cause to be brought before him the person in whose possession such bottles, etc., may be found, and shall then inquire into the circumstances of such possession, and if said magistrate finds that such person has been guilty of a violation of section 2 of this act, he must impose the punishment therein prescribed, and he shall also award possession of the property taken upon such warrant to the owner thereof."

By section 64 of the Code of Criminal Procedure the Court of Special Sessions in the city of New York " has jurisdiction to try and determine according to law all complaints for mis-demeanors, unless the defendant elects to be tried at the Court of General Sessions, or the Court of Special Sessions sends the case to the Court of General Sessions for trial."

*Wm. Travers Jerome* for appellant. The provisions of section 4, chapter 181, Laws of 1888, are mandatory upon the magistrate in reference to a summary trial of any person whom he may cause to be brought before him for a violation of section 2 of said act. (1 Bish. on Crim. Pro. [3d ed.] § 315; *Burdette* v. *State,* 9 Tex. 43; *Clepper* v. *State,* 4 id. 242; *Mapes* v. *People,* 69 Ill. 523; *Ex parte Robinson,* 6 McLean, 355; Code Civ. Pro. §§ 146, 147; *Aldrich* v. *Hawkins,* 6 Blackf. 125; *Macklot* v. *Davenport,* 17 Ia. 387; Paley on Sum. Con. [5th ed.] 77, 78, 79; *Regina* v. *Boteler,* 4 B. & S. 959; *Mayor, etc.,* v. *Furze,* 3 Hill, 612; *Hutson* v. *Mayor, etc.,* 9 N. Y. 163; *People ex rel.* v. *Bd. Suprs.,* 51 id. 401; *Phelps* v. *Hawley,* 52 id. 23; *Hagadorn* v. *Raux,* 72 id. 583; *Mason* v. *Fearson,* 9 How. [U. S.] 248; Penal Code, § 3; Code Crim. Pro. §§ 887, 890, 891, 892; Laws of 1882, chap. 410, §§ 1458–1465.) Chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, is constitutional. (N. Y. Const. of 1777; Id. of 1822, §§ 2, 7; N. Y. Const. §§ 2, 6, 19, 26; 1 S. & L. 339; 1 Kent & Rad. 305, 306; Laws of 1813, 507, 508, chap. 104; Laws of 1824, 297; *In re Sweatman,* 1 Cow. 144, 151;

*Murphy* v. *People*, 2 id. 815 ; *Duffy* v. *People*, 6 Hill, 78 ; *Wynehamer* v. *People*, 13 N. Y. 425, 426, 427 ; *People ex rel.* v. *Rawson*, 51 Barb. 619 ; *People ex rel.* v. *Justices of Special Sessions*, 74 N. Y. 406 ; *Devine* v. *People*, 20 Hun, 98 ; *People ex rel.* v. *Dutcher*, 83 N. Y. 240 ; Laws of 1847, chap. 207 ; Laws of 1860, chap. 117, § 2; Bouvier's Law Dict. tits. "Infamous Crime," "Infamy;" 1 Bish. on Crim. Law [7th ed.], § 974.) The proper remedy in the case at bar is by mandamus. (Laws of 1888, chap. 181, § 4 ; Laws of 1887, chap. 377, § 4 ; 3 Black. Comm. 103 ; High on Ex. Rem. 123 ; *King* v. *Justices of Kent*, 14 East, 395 ; *People ex rel.* v. *Common Council*, 78 N. Y. 33, 39.) The district attorney is the proper person to apply for a writ of mandamus herein. (Code Civ. Pro. § 1993.)

*Courtland V. Anable* for respondent. Section 4 of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, does not confer exclusive jurisdiction upon the magistrate to determine causes arising under the act. (Code Crim. Pro. §§ 51, 56, 64, 74, 190, 211 ; *People ex rel.* v. *Maas*, Daily Reg. April 25, 1889.) If that section does vest in the police justice exclusive jurisdiction in cases arising under the acts, then the section is in conflict with article 1, section 2 of the Constitution of the state, because it deprives a defendant of a trial by jury. ( *Wynehamer* v. *People*, 13 N. Y. 427 ; 2 R. S. [3d ed.] 799, § 3; 4 id. 795, chap. 2 ; *People* v. *McCarthy*, 45 How. Pr. 97 ; *Hill* v. *People*, 20 N. Y. 363 ; *Wood* v. *Brooklyn*, 14 Barb. 425, 432 ; *People* v. *Toynbee*, 20 id. 168, 212 ; *People* v. *Kennedy*, 2 Park. Cr. Rep. 312, 317 ; *People* v. *Johnson*, Id. 322, 324.) Whether or not the act in question gave the police justice exclusive jurisdiction over the misdemeanor therein defined, and whether or not the act was in that respect constitutional, the order appealed from was none the less correct, for the act in its entirety is unconstitutional and no legal conviction can be had under it. A mandamus to enforce an unconstitutional act will, of course, not lie. (State Const. art. 1, § 6 ; *Wynehamer*

v. *People*, 13 N. Y. 378 ; *In re Jacobs*, 98 id. 98 ; *People* v. *Marx*, 99 id. 377, 386.)

FINCH, J. We are entirely satisfied with the opinion of VAN BRUNT, J., rendered in this case at the General Term. It leaves nothing to be added beyond some consideration of the criticisms upon it, which have been made on behalf of the appellant.

To the argument that a double jurisdiction, and so a double remedy, is given by the act of 1887, as amended in 1888 (Chap. 181) ; that one jurisdiction flows from the provision of section 2, which makes the offense a misdemeanor, and the other from the language of section 4, which authorizes the magistrate issuing the search warrant to try in a summary manner the alleged offender ; and that to hold the latter to be exclusive would leave it in the option of the magistrate to prevent any remedy whatever, by declining to bring the accused before him, which the act gives him the right to do in the exercise of his discretion : to this argument the learned district attorney makes two answers. He suggests that the discretion of the magistrate, indicated by the word "may," is not an arbitrary, but a judicial discretion which may, to some extent, be controlled ; and then, that conceding the double jurisdiction of the Courts of Sessions and of the magistrate, it is at least concurrent, and the one first exercised becomes exclusive, and that of the magistrate was so exercised in the present case, and, therefore, should have been pursued to a judgment, either of acquittal or conviction.

It may be that the discretion of the magistrate, who has issued a search warrant to bring before him the person in whose possession the stamped syphons were found, or to refuse to do so, is not arbitrary, but judicial, and that he might be compelled to act in a proper case, but that fact, giving it all possible force, would still fail to answer the inquiry why, if the one remedy was meant to be exclusive, the statute should have carefully provided another by declaring the offense to be a misdemeanor, and why the one sole remedy permitted should

be confided at all to the magistrate's discretion in respect to the arrest and examination of the offender. It is clearly the better interpretation that two remedies were effectively given, and that the first was not provided merely to be at once taken away by the existence and terms of the second.

But upon that construction it is still argued that the magistrate took jurisdiction under section 4, and so was bound to proceed with the summary remedy. I think that contention is not warranted by the facts. The affidavit presented to the magistrate showed that certain marked syphons had been stolen and were in defendant's possession. There was enough without the aid of the statute to authorize the issue of a search warrant, which was the first step taken by the magistrate. That act was, therefore, ambiguous and could be referred to his jurisdiction under the Criminal Code or under the special statute in question. Upon the recovery of the property the possessor was arrested and brought before him. That, again, was an act of the magistrate which he might do by force of the provisions of the Code or those of the statute of 1887, as amended. We are compelled to look further to discover which jurisdiction he exercised, and then we see that the precise question was presented to his mind, and thereupon he declined to act under the provisions of section 4, and did act under those of section 2 and the provisions of the Code. I think, therefore, that neither answer to the General Term opinion is sound, and that the mandatory provisions of section 4 apply only where the magistrate takes jurisdiction under its summary provisions, and do not prevent him from sending the case to the Sessions for trial. It thus becomes needless to consider the constitutional question, as to which we express no opinion.

The order denying a writ of mandamus should be affirmed.

All concur, except RUGER, Ch. J., not voting.

Order affirmed.