# THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* WILLIAM P. CANNON, APPELLANT.

*Laws of 1887, chap. 377, sec. 2; 1888, chap. 181 — the act to protect owners of bottles is constitutional — good faith is not a defense to the purchaser — the restrictions of the act are reasonable.*

The second section of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, being an act to protect the owners of bottles used in the sale of soda water and other beverages, which prohibits the selling, buying, giving, taking or trafficking in such bottles without the written consent of, or unless the same shall have been purchased from, the person or corporation whose mark or device shall be, or shall have been, in or upon the bottles, is constitutional and does not deprive the vendee of his property without due process of law.

Upon the trial of an indictment for a misdemeanor, under this section, it appeared that the defendant purchased the bottles in open market and in good faith; that he did not purchase them from the corporation complainant, and that he did not know how the person who sold them to him became possessed of them. *Held*, that these facts constituted no defense.

That the act did not place unreasonable restrictions upon the vendee's lawful business.

That the restriction was analogous to that created by a trade-mark.

That the object of the act was not only to protect the owners of bottles, but also to prevent the public from being imposed upon by strangers who might fill the bottles and palm them off as having been filled by their real owners.

APPEAL by the defendant William P. Cannon from a judgment, rendered against him in the Court of General Sessions of the city and county of New York on the 25th day of May, 1891, convicting

him of a misdemeanor, under an indictment drawn under section 2 of chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888, and sentencing him to be imprisoned in the penitentiary of the city of New York for the term of sixty days, and to pay a fine of twelve dollars and fifty cents.

*A. W. Tenney*, for the appellant.

*Thomas C. E. Ecclesine*, for the respondent.

Lawrence, J.:

The defendant was tried and convicted of a misdemeanor before the recorder and a jury for having in his possession twenty-five bottles with the following words and figures blown or impressed thereon, to wit: "A. Liebler Bottling Co. Registered 402 and 404 W. 126th St., N. Y.," and a monogram of the letters "A. L. B. Co."

He was sentenced to pay a fine of twelve dollars and fifty cents, and to be imprisoned in the penitentiary for a term of sixty days.

The indictment, under which the defendant was tried and convicted, was found under the second section of the act entitled, " An act to protect the owners of bottles, boxes, syphons and kegs used in the sale of soda water, mineral or aerated waters, porter, ale, cider, ginger ale, milk, cream, small beer, lager beer, weiss beer, beer, white beer, or other beverages," being chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws of 1888.

The first section of the act of 1887, as amended, provides that, " Any and all persons and corporations, engaged in manufacturing, bottling or selling soda waters * * * lager beer, weiss beer, etc., * * * in bottles, syphons etc., with his, her, its or their name, or names, or other marks or devices, branded, stamped, engraved, etched, blown, impressed, or otherwise produced upon such bottles, etc., used by him, her, it, or them, may file in the office of the clerk of the county in which his, her, its or their principal place of business is situated, and also in the office of the Secretary of State, a description of the name, or names, marks or devices, so used by him, her, it or them, respectively, and cause such description to be printed once in each week, for three weeks successively, in a newspaper published in the county in which said notice may have been filed as aforesaid, except that in the city and county of New York, and

the city of Brooklyn, in the county of Kings, such publication shall be made for three weeks, successively, in two daily newspapers, published in the cities of New York and Brooklyn, respectively."

Section 2 of said act, under which this indictment is found, is as follows:

"It is hereby declared to be unlawful for any person or persons, corporation or corporations, to fill with soda waters, mineral or aerated waters, porter, ale, cider, ginger ale, milk, cream, beer, small beer, lager beer, weiss beer, white beer, or other beverages, or with medicine, medical preparations, perfumery, compounds or mixtures, any bottle, box, syphon, tin or keg so marked or distinguished, as aforesaid, with or by any name, mark or device, of which a description shall have been filed and published, as provided in section 1 of this act, or to deface, erase, obliterate, cover up, or otherwise remove or conceal any such name, mark or device thereon, (*or to sell, buy, give, take or otherwise dispose of or traffic in the same, without the written consent of, or unless the same shall have been purchased from, the person or persons, corporation or corporations, whose mark or device shall be, or shall have been in or upon the bottle, box, syphon, tin or keg so filled, trafficked in, used or handled as aforesaid.* . Any person or persons or corporations offending against the provisions of this section shall be deemed guilty of a misdemeanor, and shall be punished for the first offense by imprisonment not less than ten days nor more than one year, or by a fine of fifty cents for each and every such bottle, box, syphon, tin or keg, so filled, sold, used, disposed of, bought or trafficked in, or by both such fine and imprisonment, and for each subsequent offence by imprisonment not less than twenty days, nor more than one year, or by a fine of not less than one dollar, nor more than five dollars, for each and every bottle, box, syphon, tin and keg so filled, sold, used, disposed of, bought or trafficked in, or by both such fine and imprisonment, in the discretion of the magistrate before whom the offence shall be tried."

Upon the trial a stipulation between the people and the defendant was read in evidence, which is as follows:

(1.) The defendant William P. Cannon, now is, and, at all the times herein mentioned, was a dealer in second-hand articles, to wit: In second-hand bottles in the city and county of New York.

(2.) In the month of September, 1887, the A. Liebler Bottling Company was duly organized and incorporated under and by virtue of the laws of the State of New York, to wit: Pursuant to and in conformity with the act of the legislature of the State of New York, passed, on the 17th day of February, 1848, entitled "An act to authorize the formation of corporations for manufacturing, mining, mechanical or chemical purposes," and the several acts of the legislature amendatory thereof; and said corporation was so as aforesaid organized and incorporated under the corporate name and style, "A. Liebler Bottling Company."

(3.) At all the times mentioned herein, the said corporation has had, and now has, its principal place of business in the city and county of New York; and at all said times has been, and is now, engaged in bottling, selling and delivering lager beer, soda waters and aerated waters, in bottles with its name and certain marks and devices blown and impressed thereon.

(4.) Prior to the 1st day of March, 1888, the said corporation did duly file in the office of the clerk of the county of New York, and also in the office of the Secretary of State of the State of New York, a description of the name, marks and devices so used by it, and did duly cause said description to be printed and published for three weeks successively in two daily newspapers published in the said city of New York, to wit, in "The Daily Register" and in the "New York Journal of Commerce," as provided by a certain act of the legislature of this State, entitled "An act to protect the owners of bottles, boxes, syphons and kegs used in the sale of soda water, mineral or aerated waters, porter, ale, cider, ginger ale, milk, cream, small beer, lager beer, weiss beer, beer, white beer, or other beverages," passed May 18, 1887, and known as chapter 377 of the Laws of 1887.

(5.) That the description of the name, marks and devices so filed and published as aforesaid is and was as follows, to wit: "A. Liebler Bottling Co., Registered, 402 and 404 W. 126th street, N. Y.," and a monogram of the letters "A. L. B. Co."

(6.) On the 30th day of September, 1890, at the city and county of New York aforesaid, the said defendant, William P. Cannon, had in his possession, and there was then and there found in his possession, twenty-five certain bottles, which, and each of which,

were and was then and there marked and distinguished with and by the name of the said corporation, and the said marks and devices of which a description had been filed and published as aforesaid, and upon which and each of which said bottles there was then and there the said name, marks and devices of the said corporation, as above described, blown and impressed.

( 7.) Said corporation has never given or granted to any person or persons, corporation or corporations, a written or oral consent that said person or persons, corporation or corporations, or any one, could or should sell, but give, take or otherwise dispose of, or traffic in, any bottles having blown and impressed upon them the name, marks and devices aforesaid.

( 8.) Said corporation has never sold or given away any bottle or bottles having blown and impressed upon them the name, mark and devices aforesaid.

( 9.) The said defendant, William P. Cannon, prior to the 30th day of September, 1890, purchased, at the city and county of New York, the said twenty-five bottles.

( 10.) When said defendant so purchased said twenty-five bottles he did not then know in what manner or from whom said bottles had been obtained by said person from whom he purchased the same.

( 11.) Said twenty-five bottles were purchased as aforesaid by said defendant in the open market, in the same manner and way in which he was accustomed to purchase bottles in the course of his business as a dealer in second-hand bottles, to wit, from any one bringing bottles to his place of business for sale.

( 12.) None of said twenty-five bottles were in existence prior to the 1st day of April, 1888.

The only other proof presented upon the trial was the evidence of one Linker, a detective, who testified that on the twentieth day of September he found in the possession of the defendant twenty-five bottles, which were then produced and admitted in evidence. Thereupon the prosecution rested, and the defendant's counsel moved that the jury be directed to acquit the defendant on the ground that the facts proved have shown the commission of no crime by the defendant, for the reason that the statute declaring it to be a misdemeanor to use or traffic in bottles so marked as indicated is unconstitutional, and that its provisions are in violation of the pro-

visions of the Constitution, which secures to every man the right to his property, the right to keep it, and not to have it taken away from him without due process of law.

The defendant's counsel also asked the court to dismiss the indictment, and acquit the defendant on the further ground that the acts under which the defendant is indicted place restrictions upon lawful and legitimate business, and prefer one class of business to another, which is against public policy and is unconstitutional. He also asked the court to dismiss the indictment and acquit the defendant on the further ground that the acts under which the indictment had been found are unconstitutional in authorizing the searching of defendant's premises, and the seizure and removal therefrom of said twenty-five bottles by virtue of a search warrant, when said bottles had not been stolen or purloined, but had been purchased and paid for by the defendant in the open market and in the regular course of his business.

These several motions were denied and proper exceptions taken to the ruling of the recorder. The defendant was then examined as a witness in his own behalf, and having testified as to his business, and its location, further stated that he purchased the twenty-five bottles in question prior to September 30, 1890; that he did not know from whom he purchased them; that he did not purchase them from the A. Liebler Bottling Company, nor did he know how the person from whom he purchased them became possessed of them. He further testified that he purchased the bottles in the course of his business and in the open market.

The defendant then rested and the court was asked by his counsel, upon the facts conceded in the stipulation as well as upon the facts established by the oral evidence in the case, to charge the jury that the act of the legislature, under which the indictment was framed, is unconstitutional, and that, therefore, the defendant had committed no crime.

Upon the grounds stated in his original motion to dismiss, he again asked the court to advise the jury to acquit; and on the same ground he also asked the court to dismiss the indictment and acquit and discharge the defendant.

These several requests being refused, exception was duly taken to such refusal, and after the charge by the recorder the jury found the

defendant guilty, and the judgment already referred to was pronounced against him.

As long ago as 1847 the legislature passed an act in relation to the sale of bottles used by the manufacturers of mineral waters and others, which, after providing that the descriptions of the bottles should be filed in the office of the Secretary of State, and of the clerk of any county in which said articles should be bottled or sold, and for the publication in a newspaper of the description of the name and marks so used and sold, imposed a penalty upon any person who should sell any bottles marked or stamped as in the first section of the act described, and gave a right of action therefor to the person whose mark shall be stamped on the bottles so sold, who should have complied with the provisions of the first section of the act, and any bottle dealer or keeper of a junk shop who should purchase such bottle from any person was made liable to the penalties imposed by the second section.

The act of 1847 was amended by chapter 117 of the Laws of 1860, which declared it to be unlawful for any person or persons thereafter, without written consent of the owner thereof, to fill with mineral waters, etc., any such bottles so marked or stamped, or to sell, dispose of, buy or traffic in any such bottles so marked or stamped, etc.; and, in addition to the penalty prescribed by the previous act, it was provided that: " The fact of any person, other than the rightful owner thereof, without such written permission, * * * using such bottles for the sale therein of any mineral water or other beverage, shall be *presumptive evidence of the unlawful use and purchase of such bottles ;* " and the section went on to provide that any owner, or agent of such owner, who should make oath or affirmation that he had reason to believe that any of his bottles, stamped and registered as aforesaid, were being unlawfully used by any person or persons selling or manufacturing mineral waters, etc., or that any junk dealer or vendor of bottles shall have any of such bottles secreted upon his premises, or in any other place, the magistrate might issue a search warrant to obtain the same, and should have power, in a summary way, to bring the person accused before him, and if the magistrate should find, on summary examination, that such person had disobeyed or violated any of the provisions of the act, he might proceed to impose a fine, and if the same

be not paid, to commit said person to prison for a term not to exceed fifteen days.

Under this last act the case of *Mullins* v. *The People* (24 N. Y., 399) arose, and the only remark that we find in regard to the constitutionality of the act under consideration was made by SELDEN, C. J., in delivering the opinion of the court, in which, after stating that " at common law the presumption from the facts proved would clearly be that Mullins came lawfully into possession of the bottles," the learned judge said : " Hence, although in view of the interpretation which I have given to the statute, there is no objection to its constitutionality, still I see no evidence in the case upon which the conviction can properly rest." And the court held, that the judgment appealed from, reversing the conviction of the magistrate, should be affirmed. This case, which is referred to by the counsel for the people in his points, gives us very little aid in determining the question presented on this appeal. It was, however, held by Mr Justice BARRETT (*In re Griffenhagen*, N. Y. L. J., May 27, 1890,) that the act under which this defendant was indicted was constitutional.

In the case of the *People ex rel. Fellows* v. *Hogan* (123 N. Y., 219), the Court of Appeals, in disposing of the case, held that it was needless for them to consider the constitutional question, as to which they expressed no opinion.

It will be observed that this case does not arise under section 4 of the acts of 1887 and 1888, relating to the proceedings by the magistrate upon the application for the issuance of a search warrant, and the only question which is presented by the record before us is, whether the second section of the act and amendatory act, prohibiting the selling, buying, giving, taking or trafficking in said bottles without the written consent of the persons from whom they shall have been purchased, is constitutional.

Although it may seem harsh that an innocent vendee of bottles, stamped and registered as required by the acts, should be deemed guilty of a misdemeanor, we cannot say that the provisions of the second section are in conflict with the Constitution. It does not deprive the defendant of his property without due process of law, because, upon the fair construction of the stipulation upon which

this cause was tried, the bottles in question had been the property of the said corporation, which had never given a written or oral consent that any one should sell, buy, etc., the same, nor had said corporation sold or given away any bottles, having blown and impressed upon them the names, marks and devices referred to in the stipulation and in the indictment. The fact that the defendant purchased the property in the due course of his business, and in open market, cannot avail him as a defense in this action, there being no such thing as a market overt in this country. The defendant, therefore, could obtain no better title to the property than that which was possessed by the person from whom he purchased them, and we do not think it was unconstitutional for the legislature to declare, as it has done by the third section of the act as amended, that the possession of the bottles having the name, mark or device thereon of such owner without his written consent, should be presumptive evidence of the unlawful use, purchase and traffic in such bottles, etc. Nor do we think that it can be successfully urged that the acts in question placed unreasonable restrictions upon the defendant's lawful business. It is conceded by the record that the filing and publication of the marks were complete prior to the 1st day of March, 1888, and that none of these bottles were in existence before April 1, 1888, and that the purchase was made by Cannon prior to the 30th day of September, 1890, on which day the bottles were found in his possession. We think the counsel for the people is, therefore, right in his contention, that the only restriction which was placed upon the conduct of the plaintiff's business is similar to that which exists in an ordinary trade-mark case, which prohibits one party from selling goods bearing the trade-mark of or the colorable imitation of the trade-mark of another party. Neither does the fact that the defendant purchased the property in question, without any criminal intent or guilty knowledge, aid him on this appeal. (See *People* v. *Kibler*, 106 N. Y., 321; *People* v. *West*, 106 id., 293.)

The cases of the *People* v. *Marx* (99 N. Y., 377); *Matter of Application of Jacobs* (98 id., 99); *The People* v. *Gillson* (109 id., 389), and similar cases relied upon by the appellant's counsel, do not, in our opinion, have any application to the case at bar, for the reason that in those cases the court proceeded upon the fact that the obnoxious legislative enactment prohibited a branch of industry not

injurious to the community, and not fraudulently conducted, solely for the reason that it competed with another. No such element exists in this case.

The object of the legislation under consideration was not only to protect the owners of bottles, stamped as specified in the act, but to prevent the public from being imposed upon by having those bottles filled or sold, or bought by other parties who might use them and palm them off upon the public as being filled by the owners who had registered them, or by parties who had lawfully derived their title from such owners. Although the act may, in some of its features, seem to be harsh in regard to an innocent purchaser, we cannot, in the language of Andrews, J., in delivering the opinion in *Bertholf v. Reilly* (74 N. Y., 516), pronounce a law invalid "for the reason simply that it violates our notions of justice, is oppressive and unfair in its operation, or because, in the opinion of some or all of the citizens of the State, it is not justified by public necessity or designed to promote the public welfare. We repeat, if it violates no constitutional provision, it is valid and must be obeyed. The remedy for unjust or unwise legislation, not obnoxious to constitutional objections, is to be found in a change by the people of their representatives according to the methods provided by the Constitution."

It follows, therefore, that the judgment of the court below should be affirmed.

Van Brunt, P. J., and O'Brien, J., concurred.

Judgment affirmed.