PEOPLE *v.* QUINN.

(*Supreme Court, General Term, First Department.* March 31, 1892.)

INDICTMENT—DEFINITENESS AND CERTAINTY—FOLLOWING LANGUAGE OF STATUTE.
An indictment which charges an offense in the language of the statute creating it
cannot be objected to for uncertainty and indefiniteness in stating the offense, un-
der Code Crim. Proc. §§ 284, 285, which provide, respectively, that an indictment
is sufficient if the act or omission charged as the crime is stated with such a de-
gree of certainty as to enable the court to pronounce judgment upon a conviction
according to the right of the case, and that imperfections in matter of form which
do not tend to the prejudice of the substantial rights of defendant upon the merits
shall be disregarded.

Appeal from the court of general sessions, New York county.

Indictment against Hugh Quinn for unlawfully having registered bottles
in his possession. From a conviction defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*A. W. Tenney,* for appellant. *Thomas C. E. Ecclesine,* (*Wm. Travers Je-
rome* and *Reginald Hart,* of counsel,) for the People.

O'BRIEN, J. The defendant was found guilty of a misdemeanor, under
chapter 377 of the Laws of 1887, as amended by chapter 181 of the Laws
of 1888, commonly known as the "Bottling Act." Upon the trial it was
proven that the defendant had in his possession three bottles having marks
and devices blown upon them, which were the property of the A. Liebler
Bottling Company, a corporation duly organized under the laws of this state,
and which, in accordance with the requirements of the statute, had adopted
these marks and devices, and caused a description of them to be duly filed
and published, as required by the statutes. It is conceded by the appellant
that the constitutionality of the act, and most of the other questions sought
to be raised upon this appeal, are similar to those presented in the *Cannon
Case,* 18 N. Y. Supp. 25, argued at the January term of this court, and de-
cided in the people's favor. It is unnecessary, therefore, to restate them, as
they have not been urged upon this appeal, the defendant relying mainly
upon one ground, viz., that the indictment was too indefinite and uncer-
tain, and that the learned judge erred in denying the motion to dismiss.
Section 331 of the Code of Criminal Procedure provides that objections men-
tioned in section 323 thereof can only be taken by demurrer, except that ob-
jection to the jurisdiction of the court over the subject of the indictment, or
that the facts stated do not constitute a crime, may be taken at the trial un-
der a plea of not guilty and in arrest of judgment. Section 323, referred to,
which states the grounds of demurrer to an indictment, states as the second
ground that the defendant may demur where it appears upon the face of the
indictment that it does not "conform substantially to the requirements of
sections 275, 276." A reference to sections 275, 276, will show what an in-
dictment should contain. In addition to the title of the action, etc., the sec-
ond paragraph requires that it should contain "a plain and concise statement
of the act constituting the crime, without unnecessary repetition." It will

thus be seen that the question now presented has been waived, not having been taken by demurrer, as provided by the Code. Without, however, determining the appeal upon this ground, we think, upon the merits, regardless of the particular form or manner of raising the objection, that it is untenable. It should be remembered that no claim is made that the indictment does not state facts sufficient to constitute a crime, the objection being that they are not stated with sufficient definiteness. Unless, therefore, this objection was not available upon the trial, or unless it could be shown that the defendant was prejudiced thereby, the judgment should not be disturbed. Section 284 provides, in regard to a statement of the crime, that an indictment is sufficient if it can be understood therefrom "(7) that the act or omission charged as the crime was stated with such a degree of certainty as to enable the court to pronounce judgment upon a conviction according to the right of the case." Section 285 provides that no indictment is insufficient, nor can the trial, judgment, or other proceeding therein be affected, by reason of an imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits. An application of these rules for determining the sufficiency of an indictment to the one found against the defendant will show that it is sufficient, and that the defendant was not prejudiced by reason of any indefiniteness therein. The indictment, in three separate counts, in the language of the statute, stated that the Liebler Bottling Company are engaged in manufacturing, bottling, and selling lager beer in bottles with its name and certain marks and devices blown and impressed thereon; and that the defendant did unlawfully buy, (first count,) take, (second count,) traffic in, and dispose of (third count) three certain bottles, which, and each of which, were then and there so marked and distinguished, as aforesaid, with and by the name of said corporation and said marks and devices, of which a description has been filed and published as aforesaid, and upon which and each of which said bottles then and there are the marks and devices of said corporation. It will thus be seen that the indictment charges the crime in the language of the statute creating and defining it; and this, we think, under the decisions and under the rules provided for testing the sufficiency of an indictment under the Code, is sufficient. In *People* v. *Weldon*, 111 N. Y. 569, 19 N. E. Rep. 279, the court, by RUGER, C. J., at page 574, 111 N. Y., and page 280, 19 N. E. Rep., says: "It is generally sufficient to state an offense in language used in the statute defining the crime. As said by Judge FOLGER in *Phelps* v. *People*, 72 N. Y. 349, if the indictment avers the offense as the statute defines it, the averment is sufficient; for the rule is that, while in framing an indictment on a statute all the circumstances which constitute the definition of the offense in the statute itself, so as to bring the accused precisely within it, must be stated, yet no other description of the thing in which the offense was committed is necessary to be stated than that contained in the statute itself." *Eckhardt* v. *People*, 83 N. Y. 462. We are of opinion, therefore, that the indictment was not so indefinite and uncertain as to have justified the granting of a motion to dismiss the same, and that there was no error committed by the learned judge in refusing so to do. The judgment should be affirmed. All concur.