## PEOPLE *v.* BARTHOLF.

*(Supreme Court, General Term, First Department. November 18, 1892.)*

1. USE OF BOTTLES WITH OWNER'S MARK—CRIMINAL PROSECUTION—DEFENSES.

On a prosecution under Laws 1887, c. 377, as amended by Laws 1888, c. 181, making it unlawful for any person to traffic in bottles having on them the marks of the owner or manufacturer of the liquors contained therein, without the written consent of or purchase from the owner, it is no defense that the owner of the bottles received a deposit to secure their return by the person to whom they were originally delivered.

2. SAME—EVIDENCE.

If defendant claims that he purchased the bottles of the owners, or had their written consent to deal in them, the burden is on him to show it, since Laws 1888, c. 181, § 3, provides that the possession of such bottles by one not the manufacturer or owner is presumptive evidence that such possession is unlawful.

3. SAME.

The bottles found in defendant's possession are admissible in evidence.

4. SAME.

The certificate filed with the county clerk by the owners of the bottles, containing a description of the names, marks, and devices used on their bottles, is not rendered inadmissible in evidence because the same was defectively acknowledged, since the statute does not require the certificate to be acknowledged.

**5. SAME—INSTRUCTIONS.**

In such case a request to instruct that, if the jury find that defendant had bought bottles of the owners before the indictment, there is such a reasonable doubt in the case that they should find for defendant, is properly refused, since it is a question of fact whether there is a reasonable doubt.

Appeal from court of general sessions, New York county.

Indictment of George Z. Bartholf for dealing in marked bottles belonging to another, in violation of the statute known as the "Bottle Acts." From a judgment of conviction, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

*A. W. Tenney,* for appellant.     *Thomas C. E. Ecclesine,* for the People.

O'BRIEN, J.   The appellant was convicted and sentenced in the court of general sessions for violating chapter 377, Laws 1887, as amended by chapter 181, Laws 1888.[1]   These acts are the ones commonly known as the "Bottle Acts."   Upon the trial it appeared that Beadleston & Woorz was a corporation duly organized and existing under the laws of the state of New York for the purpose of manufacturing and selling malt liquors; that prior to the acts mentioned in the indictment said corporation filed with the secretary of state and the county clerk a description of the names, marks, and devices used by it upon its bottles, and caused these descriptions to be published, as required by these statutes; that the defendant was a dealer in second-hand bottles; that three bottles having the names, marks, and devices of said corporation upon them were found in the possession of the defendant at the time and place mentioned in the indictment.   Most, if not all, of the questions requiring consideration have been passed upon by this court in the cases of *People* v. *Cannon,* (Sup.) 18 N. Y. Supp. 25, and *People* v. *Quinn,* (Sup.) 18 N. Y. Supp. 569.   In these cases it was held that the law passed to protect the owners of bottles is constitutional, that an indictment charging the crime in the language of the statute, as here, was sufficient, and that the fact that the defendant purchased the bottles in the due course of business, and without knowledge as to the true owner, is not a defense upon an indictment under such statute.   It was also held that good faith is not a defense, and that the claim is untenable that the act places unreasonable restrictions upon the lawful business of dealers in bottles.   Upon the trial much stress was laid upon the fact that Beadleston & Woorz had received a deposit on the bottles, and it was urged that this fact in some way conferred title on the persons to whom they were delivered, which would give the latter a right to sell the same to defendant, and thus make him a purchaser in good faith, and constitute a defense.   In *Westcott* v. *Thompson,* 18 N. Y. 364, this was disposed of adversely to appellant's claim, and it would require, apart from that authority, but little reasoning to show that a person, by requiring a deposit on his property for the purpose of securing its return, even though such deposit should amount to the value or more than the value of the property, does not confer upon the person to whom the same is delivered, under an agreement to return it, a title such as would give him the right to sell it to another.

It is insisted that the court erred in admitting in evidence the certificate filed with the county clerk and in the office of the secretary of state, upon the ground that the same was defectively acknowledged.   The statute, however, required no acknowledgment of the certificate, but only exacted that the certificate should be filed; and there is no force, therefore, in the suggestion

---

[1] Laws 1887, c. 377, as amended by Laws 1888, c. 181, makes it unlawful for any person to traffic in bottles having on them the marks of the owner or manufacturer of the liquors contained therein, when a description of said marks has been duly filed in the offices of the county clerk and secretary of state, and published three weeks in a newspaper, unless such person has purchased said bottles of the owner, or has his written consent to deal in them.

that, because they failed to duly acknowledge a paper which the statute did not require to be acknowledged, it could not be introduced in evidence because of such defective acknowledgment.

We do not think that the court erred in admitting the three bottles in evidence, the same being competent proof of the crime charged in the indictment. Nor do we find error in the court's ruling upon the evidence that it was proven that a certificate was filed in the county clerk's office and in the secretary of state's office, and that such certificate was that of the corporation of Beadleston & Woorz.

Another error claimed relates to the court's holding that the burden of proof was on the defendant to show that he had the written consent of Beadleston & Woorz to traffic in such bottles, or had purchased the same of them. It is true that, apart from any express statute upon this subject, if it had been essential to the prosecution to prove that part of the indictment affirmatively which charges that the defendant did not have such consent, and did not purchase such bottles of Beadleston & Woorz, the appellant would be right; but it will be seen by reference to section 3, c. 181, Laws 1888, that the mere fact that the bottles were found in the possession of the defendant, who was other than the manufacturer or owner, without the written consent of the owner, is of itself made presumptive evidence of unlawful possession.

These questions thus disposed of were presented, not only during the trial, but upon the motion to dismiss the indictment and direct an acquittal for the defendant at the end of the people's case, again when the defendant rested, and again upon the motion to set aside the verdict as contrary to law and against the weight of evidence. It in no way added to the force or cogency of these contentions to repeatedly renew them at different stages of the trial, and having been disposed of require no further consideration.

The remaining error claimed relates to the refusal of the court to charge, as requested, "that if the jury find that the defendant bought, at any time prior to this indictment, bottles of the complainant, there is such a reasonable doubt in the case that they should find for the defendant." This was declined, and properly so, upon the ground that it was a question of fact whether there was reasonable doubt or not. Upon the whole case, therefore, we are of opinion that the judgment of conviction should be affirmed. All concur.